UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHRISTOPHER LEON SMITH,

Plaintiff,

v.

JANE OSTRUM, R.N.,

Defendant.

Case No. C15-0852-RSM-MAT

REPORT AND RECOMMENDATION

INTRODUCTION AND SUMMARY CONCLUSION

This is a civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff Christopher Smith has been granted leave to proceed with this action *in forma pauperis*. Service has not been ordered. This Court, having reviewed plaintiff's amended complaint, and the balance of the record, concludes that plaintiff has failed to state a cognizable ground for relief in this action. This Court therefore recommends that plaintiff's amended complaint and this action be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

DISCUSSION

On May 28, 2015, plaintiff presented to this Court for filing a civil rights complaint in which he alleged that a nurse at the Monroe Correctional Complex-Intensive Management Unit

("MCC-IMU") improperly mixed regular insulin and long term insulin together in a single syringe and injected plaintiff with this mixture causing plaintiff to suffer a "low blood sugar attack." (Dkt. 8 at 3.) Plaintiff, who is an insulin-dependent diabetic, asserted that the nurse's action constituted deliberate indifference and that she had had to be retrained as a result of this error. (*Id*.) Plaintiff identified MCC-IMU nurse Jane Ostrum, R.N., as the lone defendant in this action. (*Id*.)

After reviewing plaintiff's complaint, this Court concluded that plaintiff had not adequately alleged any violation of his constitutional rights against Nurse Ostrum. Thus, on June 16, 2015, the Court issued an Order declining to serve plaintiff's complaint and granting him leave to file an amended complaint. (Dkt. 9.) The Court noted in its Order declining to serve plaintiff's complaint that the claim asserted against Nurse Ostrum implicated Eighth Amendment concerns. The Court then set forth the standard which must be met in order to establish an Eighth Amendment violation and explained to plaintiff why his claim against Nurse Ostrum was deficient. The Court advised plaintiff as follows:

> The Eighth Amendment imposes a duty upon prison officials to provide humane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). This duty includes ensuring that inmates receive adequate food, clothing, shelter, and medical care, and taking reasonable measures to guarantee the safety of inmates. *Id*. In order to establish an Eighth Amendment violation, a prisoner must satisfy a two-part test containing both an objective and a subjective component. The Eighth Amendment standard requires proof that (1) the alleged wrongdoing was objectively "harmful enough" to establish a constitutional violation; and (2) the prison official acted with a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. at 834.
>
> The objective component of an Eighth Amendment claim is "contextual and responsive to 'contemporary standards of decency.'" *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)(quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). The state of mind requirement under the subjective component of the Eighth Amendment standard has been defined as "deliberate indifference" to an inmate's health or safety. *Farmer v. Brennan*, 511 U.S. at 834. Under the "deliberate

> indifference" standard, a prison official cannot be found liable for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety. *Id*. at 837.
>
> Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.' " *Id*. at 835 (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). The Ninth Circuit has explained that "[p]rison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment." *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (internal quotation marks omitted).
>
> While plaintiff asserts in his complaint that Nurse Ostrum was deliberately indifferent to his medical needs, the facts alleged by plaintiff do not support this assertion. It appears clear from the face of the complaint, and from the materials submitted by plaintiff with his complaint, that an error was made in the administration of plaintiff's insulin on a single date in February 2015, and that additional training was provided to the nurse who made the error. These facts suggest, at most, that the nurse was negligent in the way she administered the insulin, they in no way suggest that the nurse knew of, and disregarded, a known risk to plaintiff's health or safety. In addition, the facts set forth by plaintiff in his complaint do not demonstrate that the nurse's alleged error was objectively "harmful enough" to implicate Eighth Amendment concerns. Thus, at this juncture, plaintiff has not adequately alleged any violation of his constitutional rights against the named defendant.

(Dkt. 9 at 2-3.)

On June 24, 2015, plaintiff submitted an amended complaint to the Court for filing. (Dkt. 10.) A review of plaintiff's amended pleading reveals that it contains the same deficiencies as did his original pleading in this case. Plaintiff alleges that Nurse Ostrum was negligent in mixing regular insulin and long lasting insulin together, and then administering the insulin mixture to plaintiff on a single date in February 2015. (*Id*. at 3.) Plaintiff contends that as a result of this negligence, he suffered low blood sugar so severe that Nurse Ostrum had to be retrained and a notice was put on the insulin cart stating that the two types of insulin were not to be mixed. (*Id*.)

Plaintiff does not allege in his amended pleading that Nurse Ostrum was deliberately

indifferent to a serious medical need and the facts alleged by plaintiff in his amended pleading suggest no more than that Nurse Ostrum was negligent in the way she prepared and administered plaintiff's insulin on the day in question. The facts alleged by plaintiff in his amended pleading also fail to demonstrate that Nurse Ostrum's error was objectively "harmful enough" to implicate Eighth Amendment concerns. Thus, plaintiff fails to adequately allege any violation of his federal constitutional rights against Nurse Ostrum in his amended complaint.

## CONCLUSION

As plaintiff has not adequately stated any claim upon which relief may be granted in his amended complaint, this Court recommends that plaintiff's amended complaint and this action be dismissed without prejudice, prior to service, under § 1915(e)(2)(B)(ii). A proposed order accompanies this Report and Recommendation.

## DEADLINE FOR OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **August 14, 2015**.

DATED this 22nd day of July, 2015.

Mary Alice Theiler
United States Magistrate Judge